**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE LEWIS, | ) | |
| | ) | No. 16 C 07592 |
| Plaintiff, | ) | |
| | ) | Judge Amy J. St. Eve |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, et al. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT</u>**

Defendants, Larron Alexander, Josh Alvarado, Scott Dedore, Schott Korhonen, Abraham Mora and Albert Wyroba ("Defendant Officers"), and the City of Chicago ("City")(collectively "Defendants"), by their undersigned attorneys, submit this Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

**I. FABRICATION OF EVIDENCE ALLEGATIONS THAT SOUND IN MALICIOUS PROSECUTION MUST BE BROUGHT UNDER STATE LAW AND ARE NOT ACTIONABLE UNDER THE FOURTEENTH AMENDMENT.**

Plaintiff ignores Seventh Circuit precedent that holds that "allegations that sound in malicious prosecution must be brought pursuant to state law." *Saunders-El v. Rhode*, 778 F.3d 556, 560 (7th Cir. 2015). Simply put, the "existence of [a malicious prosecution] claim knocks out [plaintiff's] constitutional claim." *Munoz v. Rivera*, 169 F. Supp. 3d 815, 819 (N.D. Ill. 2015). Thus, the focus of the inquiry here is whether Lewis's allegations sound in malicious prosecution: if they do, regardless of allegations of fabricated evidence, there is no constitutional claim to assert.

In fact, each of the cases cited by the court in *Saunders-El* in clarifying the law and affirming the long-standing principle that allegations that sound in malicious prosecution must be brought pursuant to state law, involve egregious allegations of fabricated evidence. *Saunders-El,* 778 F.3d 556, 560. And although several courts within this district have broadly concluded that the availability of a malicious prosecution claim under state law no longer forecloses a due process claim based on fabricated evidence, (notwithstanding *Saunders-El*'s edict that "allegations that sound in malicious prosecution must be brought pursuant to state law"), additional analysis from the Seventh Circuit provided after *Saunders-El* not only casts doubt on this broad interpretation, it also casts doubt on whether fabrication claims can be asserted against police officers at all and makes clear that, under circuit precedent, any such claim against police officers could only be asserted if state law provides no other remedy for the fabrication of evidence. *Stinson v. Gauger*, 799 F.3d 833, 842 (7th Cir. 2015), as corrected (Aug. 26, 2015), reh'g *en banc* granted, opinion vacated (Dec. 3, 2015). Although *Stinson* has been vacated pending a rehearing *en banc*, the analysis in *Stinson* highlights the apparent conflict with these several district court decisions and Seventh Circuit decisions.

Specifically, the *Stinson* panel expressly questioned whether the "reasoning [in *Whitlock* and *Fields II*] applies to police officers and expert witnesses who are alleged to have fabricated evidence during an investigation." *Stinson*, 799 F.3d 833, 842. The panel further stated: "Moreover, a line of cases in this circuit has squarely held that a police officer's *fabrication of evidence* (as distinct from his suppression of material exculpatory evidence) is not actionable as a violation of due process as long as state law provides an adequate remedy for the fabrication— usually in the form of a malicious-prosecution tort action." *Id.* (emphasis added). Thus, the *Stinson* court suggested, *if* the due process claim recognized in *Whitlock* and applied in *Fields II*

2

applies to police officers (and the *Stinson* court did not think it should), it would not be available under that line of cases "unless state law lacks an adequate tort remedy for *the fabrication of evidence*." *Id*. (emphasis added). Illinois' remedy for fabrication of evidence where, as alleged here, there is no probable cause, is a malicious prosecution claim, a principle of law consistently reaffirmed by the Seventh Circuit after *Whitlock* and *Fields II*.

In short, *Stinson*'s analysis of the contours of a fabrication claim renders *Whitlock* and *Fields II* in accord with the *Newsome* line of cases and Seventh Circuit precedent decided after *Whitlock* and *Fields II* which indisputably affirmed that there is no independent tort based on fabrication of evidence, where, as in Illinois, an adequate remedy exists. Again, Illinois law provides Lewis a remedy where, as alleged here, there is no probable cause: that is a malicious prosecution claim. *See e.g., Llovet v. City of Chicago*, 761 F.3d 759, 760-61 (7th Cir. 2014)(police officers' fabrication of evidence does not give rise to a claim under § 1983 where state law provides adequate remedy); *Petty v. City of Chicago, et al.*, 754 F.3d 416 (7th Cir. 2014)(expressly declining to overturn the *Newsome* line of cases); *see also Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009)(affirmed the dismissal of plaintiff's allegation that criminal proceedings were instituted against him based on false evidence or testimony, remarking that "such a claim 'is in essence, one for malicious prosecution, rather than a due process violation.'" (quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)).

Although this Court recently allowed a fabrication claim to proceed in *Smith v. Burge*, No. 16 C 3404, 2016 WL 6948387, at *8 (N.D. Ill. Nov. 28, 2016), that was a drastically different case. The plaintiff in *Smith* was convicted and spent twenty years in prison based on the allegedly fabricated evidence. *Id*. at *1, *8. Furthermore, Smith "unequivocally allege[d] that the attorneys who prosecuted him relied upon the false official reports containing the fabricated

3

confession to secure plaintiff's wrongful charging, prosecution, conviction, and imprisonment." *Id.* at *8. Here, Lewis was not convicted of a crime and suffered no post-conviction incarceration. As such, the appropriate claim for the circumstances surrounding Lewis' case is one rooted in malicious prosecution rather than due process.

Indeed *Saunders-El* recognized the due process fabrication claim, within the construct of *Newsome* and its progeny, and made clear that if the allegations at issue state a claim for malicious prosecution, as they do here, there is no due process claim. *Saunders-El*, 778 F.3d at 560 and 562 (a claim for malicious prosecution "cannot form the basis of a constitutional tort.") Thus, any genuine reading of *Saunders-El* must give meaning to those words (and the binding precedent behind those words) and preclude the adoption of the unqualified proposition of law that, whenever there is an allegation of fabricated evidence with some deprivation of liberty, an actionable fabrication claim exists. *See Wallace v. Kato,* 549 U.S. 384, 391 (2007)(damages recoverable for detention (i.e., deprivation of liberty) after the wrongful institution of legal process must be based on a malicious prosecution claim).

And giving meaning to *Saunders-El*'s words and precedent that has not been overturned can only lead to the conclusion that *if* probable cause exists (thereby precluding a malicious prosecution claim) *and* evidence was nonetheless fabricated *and* used to convict a plaintiff *and* no other federal or state law claim exists as a remedy, *then* a plaintiff could assert a fabrication claim under the due process clause. Lewis has no such circumstance here: indeed he claims that officers did not have any reason to believe he was in possession of a weapon, but nonetheless arrested him and caused him to be charged will illegal possession of a gun. (Compl., ¶¶ 10, 14). Thus, because Lewis's allegations "sound in malicious prosecution," and state law provides an adequate remedy for his allegations, his fabrication claim fails. *Saunders-El*, 778 F.3d at 560.

4

### II. PLAINTIFF CANNOT STATE A CLAIM OF EVIDENCE FABRICATION UNDER THE DUE PROCESS CLAUSE BECAUSE HE WAS NEVER TRIED OR CONVICTED.

Even if Lewis could bring a fabrication claim under the due process clause, despite his malicious prosecution allegations, his claim would still fail, as he has not established the requisite deprivation of liberty required for a due process violation. In *Whitlock*, this Circuit held "plaintiffs properly alleged the act of fabrication caused a harm to them: the fabricated evidence, *because it was introduced against them at trial, was instrumental in their convictions*." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012)(emphasis added). This principle was recently emphasized again by the Seventh Circuit, observing that no fabrication claim may be brought under *Whitlock* "*unless* the evidence is later used to deprive the [criminal] defendant of her liberty in some way.'" *Bianchi v. McQueen*, 818 F.3d 309 (7th Cir. 2016)(quoting *Whitlock*, 882 F.3d at 582)(emphasis in original); see *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270728, at *12 (understanding *Bianchi* to hold that a conviction at trial is necessary to state a fabrication claim).

Lewis argues that *Armstrong v. Daily,* 786 F.3d 529, 552 (7th Cir. 2015) supports his position that no post-conviction deprivation of liberty is required to state a fabrication of evidence claim. However, the court in *White v. City of Chicago*, 149 F.Supp.3d 974 (N.D.Ill. 2016) explained that the holding of *Armstrong* must be understood and limited to the context of *Brady* claims and specifically to the pre-trial destruction of, as opposed to the suppression of, evidence. Hence, the extension of *Armstrong*'s analysis to fabrication claims would be a mistake.

In *Armstrong*, the plaintiff was imprisoned for 29 years for rape and murder. His conviction was set aside and a Wisconsin state judge dismissed the charges against him entirely because the prosecution had destroyed key exculpatory evidence, rendering a fair trial

5

impossible. *Id*. at 531. Armstrong then sued under §1983 alleging a *Brady* violation due to injuries he suffered as a result of defendants deliberately destroying DNA evidence that absolved him of the crime. *Id.* at 532. The court held that the state tort of malicious prosecution did not provide an adequate remedy for the *Brady* deprivations that Armstrong had alleged: 29 years of wrongful imprisonment. *Id*. at 545-46. Here, Lewis has not alleged a *Brady* violation, and Illinois law provides an adequate remedy for prosecution initiated without probable cause: malicious prosecution. Furthermore, Lewis has not suffered wrongful imprisonment. As the court in *Armstrong* articulated, prolonged pretrial detention, in and of itself, is not a due process violation. *Id*. at 555; *Garcia v. City of Chicago*, 24 F.3d 966, 971-72 (7th Cir. 1994).

In determining whether a trial was needed to establish a Constitutional violation, the court in *Armstrong* distinguished between *Brady* cases involving failure to disclose evidence and *Brady* cases involving destruction of evidence. *Id.* at 552. The court reasoned that this Circuit has "been hesitant to recognize a § 1983 cause of action for the withholding of exculpatory evidence before a trial because the constitutional violation is not even ripe if the prosecution can still meet its *Brady* obligation by disclosing the evidence in time for the defendant to use it." *Id.* However, destruction of exculpatory evidence was different and resulted in an immediate constitutional violation because the resulting prejudice to a criminal defendant is permanent, as the exculpatory evidence will continue to be unavailable. *Id.* Notwithstanding the fact that the Seventh Circuit addressed the issue of whether a trial was necessary with respect to *Brady* violations *not* fabrication of evidence claims, a fabrication of evidence claim is more synonymous with a *Brady* claim involving failure to disclose evidence, as fabricated evidence does not result in permanent harm to a criminal defendant and may be corrected throughout a trial. Thus, *Armstrong* does not undermine the rule that a conviction is necessary for a due process fabrication of evidence claim.

6

Lewis correctly points out that there is a district level split on whether fabrication claims may proceed in the absence of a trial. (See Resp. at pp. 5-6). He is badly mistaken, however, when he refers to *White* and *Ulmer v. Avila*, 15 C 3659, 2016 WL 3671449 (N.D. Ill. July 11, 2016) as outliers. The better reasoned rule, particularly in a state like Illinois, where a malicious prosecution claim exists, is that a post-conviction deprivation of liberty is an essential element of a due process based fabrication claim. *White*, 149 F.Supp.3d at 982-983 (explaining that a fabrication claim does not fit in the absence of a conviction because "fake evidence of guilt . . . makes a trial unfair only if it is introduced at trial"); *Henderson v. McCarthy*, 14 C 9905, 2016 WL 6135706 at *5 (N.D.Ill. Oct. 20, 2016)(dismissing fabrication claim seeking damages for arrest and prosecution where a state law malicious prosecution claim existed notwithstanding pre-trial detention). Indeed, this Court noted in *Sanders v. City of Chicago Heights*, 13 C 0221, 2016 WL 2866097, at *7 (N.D.Ill. May 5, 2016), that an important part of the plaintiff's fabrication claim was that the fabricated evidence "was instrumental in Sanders' conviction depriving him of his liberty."

As pointed out in Defendants' opening brief, *White*, a well reasoned opinion that respects and gives meaning to *all* existing circuit precedent, clearly holds that a fabrication claim is inappropriate in the absence of a conviction at trial even though the plaintiff in *White* spent significant time in jail awaiting trial. The court in *Lofton v. Eberle*, No. 14 C 898, 2015 WL 507472, at *3–4 (N.D. Ill. Feb. 5, 2015) articulated this rule with similar clarity, as this Court should. In *Lofton*, plaintiff alleged that defendant officers fabricated evidence against him, including fabricating a lineup report documenting a supposed identification of Lofton as the offender in an armed robbery. Plaintiff spent about two-and-a-half years in jail before the charges against him were dismissed prior to trial via *nolle prosequi*. *Id*. at *3. The court held that

7

"there is no question that a due process violation takes place when fabricated evidence is used at trial . . . however, without a trial no such due process claims exist." *Id*. (citing *Padilla v. City of Chi*., 932 F.Supp.2d 907, 926 (N.D.Ill. 2013*); Buckley v. Fitzsimmons*, 20 F.3d 789, 796 (7th Cir. 1994); *Brooks v. City of Chi*., 564 F.3d 830, 833 (7th Cir. 2009)). The court found that an acquittal foreclosed any due process claim: "it would be anomalous to hold that attending a trial deprives a criminal defendant of liberty without due process of law, when the purpose of the trial is to effectuate due process." *Id*. (citing *Alexander v. McKinney*, 692 F.3d 553, 555 (7th Cir. 2012)). Thus, based on Seventh Circuit precedent, the court in *Lofton* held a plaintiff may state a due process fabrication of evidence claim *only* when such fabricated evidence is used at trial and plaintiff is subsequently convicted. *Id.* (citation omitted).

Furthermore, Lewis's reliance on *Patrick v. City of Chicago* to argue that a conviction is not necessary for a fabrication claim is misguided. In fact, the plaintiff in *Patrick* was convicted and spent twenty-one years in prison. *Patrick*, 2016 WL 5792309, at *4. The court held that although a bulk of the fabricated evidence was not introduced at trial, "the fabricated evidence was used to leverage other false confessions, affect plaintiff's defense strategy, and to impeach the credibility of defense witnesses." *Id*. at * 10. Thus, the defendant's alleged fabrication still infected the trial proceeding and plaintiff suffered a liberty deprivation when he was wrongfully imprisoned for more than two decades. While *Patrick*'s analysis arguably presents some tension with *White*, ironically, its holding appears to implicitly acknowledge that a trial is in fact necessary in order to state a due process claim. Certainly, *Patrick* does not go so far as to allow a fabrication claim in the absence of any trial.

As in *White*, *Ulmer*, and *Lofton*, this Court should dismiss the fabrication claim because such a claim cannot be brought without some type of deprivation of liberty that occurred after a trial, the point at which constitutional due process is required.

### III. PLAINTIFF'S FABRICATION CLAIM IS TIME BARRED.

Lewis argues that his fabrication claim cannot be time barred, as it would be inconsistent with *Whitlock*, *Fields*, and *Sanders v. City of Chicago Heights*, where fabrication claims were allowed to proceed decades after the evidence was alleged to have been fabricated. (Response, p.8). However, Lewis cannot have it both ways. If a conviction is not a necessary element to a fabrication claim, as Lewis argues, then the cause of action should accrue immediately under *Wallace*, 549 U.S. at 381.

Unsurprisingly, *Whitlock*, *Fields*, and *Sanders v. City of Chicago Heights*, all involve allegations of evidence fabrication that led to convictions. As such, *Heck*'s delayed accrual rule applied to those cases. *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994)("action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). That is not the case here, where Lewis was never convicted. Indeed, Lewis never even stood trial.

Lewis contends that the act of fabricating evidence is the constitutional violation, yet argues that the limitations period did not commence until the charges against him were dismissed. (Response, p. 8). However, the Supreme Court's decision in *Wallace* defeats his claim. "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. *The cause of action accrues even though the full extent of the injury is not then known or predictable*." *Wallace*, 549 U.S. at 381 and 391 (emphasis added). Defendants' alleged fabrication of evidence

9

first damaged Lewis when he was arrested, as he claims, without probable cause and based solely on fabricated evidence. Accordingly, his claim accrued and the statue of limitations began to run upon his arrest. As discussed in Defendant's motion, and as held in *Wallace*, "an anticipated future conviction" cannot be used as a basis to invoke *Heck* and delay the accrual of the statute of limitations. *Id*. at 393.

Lewis's reliance on *O'Gorman v. City of Chicago*, 777 F.3d 885 (7th Cir. 2015) to support his argument that his fabrication claim is not time barred, is equally flawed. *O'Gorman* held that at the time of plaintiff's resignation in 2007, O'Gorman had been informed that he would only receive a sham hearing and the decision to terminate him was already final. *Id*. at 889. Thus, plaintiff should have known in 2007 that his constitutional rights to due process were violated and he had two years to pursue a claim based on his forced resignation. *Id*. Thus, *O'Gorman* supports Defendant's position that the fabrication claim accrues when Lewis knew of the fabrication and when he was first injured by it.

If, in fact, Lewis did not live at the premises at issue, and if, in fact, he did not possess the gun for which he was charged, then Lewis was aware of these alleged fabrications at the time he was charged and his cause of action accrued at that time. See *Wallace*, 549 U.S. at 381. Lewis's fabrication claim is therefore time barred because the complaint was filed more than two years after Lewis was charged on September 12, 2013. (Compl., ¶¶ 13).

### IV. ALTERNATIVELY, QUALIFIED IMMUNITY DEFEATS ANY FABRICATION CLAIM.

In *Fields,* the Seventh Circuit explained, "fabricating evidence, including in the form of testimony, is not an actionable constitutional wrong. The constitutional violation occurs when the means by which the testimony was acquired are not disclosed at trial—or when other information that impeach the testimony's reliability are not shared with the defense." *Fields v. Wharrie*, 672

F.3d 505, 516–17 (7th Cir. 2012)(quoting *Buckley v. Fitzsimmons*, 20 F.3d 789, 795-96 (7th Cir. 1994)). In fact, "[Buckley] cites, and I am aware of, no authority for the proposition that the mere preparation of false evidence, as opposed to its use in a fashion that deprives someone of a fair trial or otherwise harms him, violates the Constitution." *Buckley*, 509 U.S. at 281. Therefore, to the extent that this Court finds that a fabrication claim exists even though the evidence at issue did not infect a trial proceeding, Defendant Officers are entitled to qualified immunity.

Lewis's reliance on *Kingsley v. Hendri*ckson, 801 F.3d 828, 832 (7th Cir. 2015) to argue that Defendant's should not be entitled to qualified immunity on his fabrication of evidence claim rings hollow. *Kingsley* was a case that involved allegations of excessive force. *Id.* The court denied defendant's qualified immunity because to do so would accept the proposition that at the time the officers acted, they were only on notice that they could not have a reckless or malicious intent, and that as long as they acted without such intent, they could apply any degree of force they chose. *Id*. at 832-33.

However, Defendant Officers invocation of qualified immunity does not rest on a question as to their alleged intent to inflict harm on Lewis. Rather, it rests on whether it was clearly established law that fabricating evidence that is never used at trial violates due process. As argued above, the act of fabricating evidence in and of itself is not a constitutional wrong. It is only when such evidence is used to deprive a criminal defendant of liberty, in some way, that it is an actionable due process violation. *Buckley*, 20 F.3d at 795-96. Were this Court to find to the contrary, that would be a legal finding that is not clearly established, a circumstance that triggers qualified immunity.

As explained in Defendant's motion, neither this Circuit nor the Supreme Court has recognized a fabrication of evidence claim when such evidence was never introduced at trial.

Accordingly, Defendants are entitled to qualified immunity on Lewis's fabrication of evidence claim.

## CONCLUSION

For the foregoing reasons, Lewis's Federal claims must be dismissed. This Court should decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c)(3).

Respectfully submitted,


By: /s/ Jennifer Bitoy
     Attorney for Defendants

Andrew M. Hale
Avi T. Kamionski
Shneur Nathan
Jennifer Bitoy
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
312-341-9646

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 15, 2016, I electronically filed the foregoing *Defendants' Motion to Dismiss Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

               /s/ Jennifer Bitoy
               Attorney for Defendants