IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-CV-7592 |
| v. ) | |
| ) | Hon. Amy J. St. Eve |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On July 26, 2016, Plaintiff Maurice Lewis brought the present two-count Complaint against former Chicago Police Officers and the City of Chicago, collectively, "Defendants," alleging violations of his constitutional rights, along with supplemental state law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion to dismiss.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it

rests." *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665–66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014).

## BACKGROUND

Plaintiff alleges Defendant Officers arrested him on September 12, 2013, after Defendant Officers searched an apartment on the 4200 block of West Walton Street in Chicago. (R. 1, ¶ 11.) Plaintiff was one of three people in the apartment at the time of the search, although Plaintiff alleges that he did not reside in the apartment. (*Id*. ¶¶ 12, 16.) During the search, Defendant Officers claim to have found a firearm. (*Id*. ¶ 13.) Plaintiff alleges that Defendant Officers had no reason to believe he was in possession of the firearm, but nevertheless, they arrested Plaintiff. (*Id*. ¶¶ 11, 14.) After Defendant Officers arrested him, Plaintiff alleges that they fabricated evidence by preparing police reports containing false statements that (1) Plaintiff admitted to residing in the apartment and (2) that the officers seized evidence establishing that Plaintiff resided at the apartment. (*Id*. ¶ 15.) Plaintiff alleges that he did not tell Defendant Officers that he resided at the apartment. (*Id*. ¶ 16.) In addition, he alleges that Defendant Officers did not find any evidence in their search of the apartment indicating that Plaintiff resided there. (*Id*.) Plaintiff claims that, as a result of the fabricated police reports, he was

wrongfully charged with illegal possession of a firearm, a crime he did not commit, and was deprived of his liberty and held at Cook County Jail until his criminal charges were dismissed on September 29, 2015. (*Id*. ¶ 16.)

## ANALYSIS

### I. Constitutional Violations—Count I

In Count I of his Complaint, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights because Defendant Officers fabricated evidence resulting in the deprivation of his liberty. (*Id*. ¶ 18.)

#### A. Fourth Amendment Claim

Plaintiff concedes that his Fourth Amendment claim is barred by *Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014). (R. 19, Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, at 1-2.) The statute of limitations also bars Plaintiff's Fourth Amendment claim. The applicable statute of limitations for a § 1983 Fourth Amendment false arrest claim arising in Illinois is two years. 735 ILCS 5/13-202 (2009). "[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384, 397 (2007); *see also Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). Plaintiff's claim came more than two years after his arrest, and thus, any Fourth Amendment false arrest claim is time-barred. Accordingly, the Court dismisses Plaintiff's Fourth Amendment claim with prejudice.

### B. Fourteenth Amendment Due Process Claim

Plaintiff asserts that Defendant Officers filed false police reports leading to his arrest and wrongful imprisonment for over two years, thereby violating his Fourteenth Amendment due process rights.

Defendants argue that Plaintiff's evidence fabrication claims are time-barred because they accrued from the time the violation occurred in September 2013. Defendant Officers have the burden of establishing that the claim is time-barred because the statute of limitations is an affirmative defense. *See Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012); *Jogi v. Voges*, 480 F.3d 822, 836 (7th Cir. 2007). Dismissal is appropriate under Rule 12(b)(6), however, if the plaintiff effectively pleads himself out of court by including facts in his complaint that make clear that the applicable statute of limitations period has passed. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014).

Section 1983 does not contain an express statute of limitations, so federal courts adopt "the forum state's limitations period for personal injury claims." *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 635 (7th Cir. 2009). In Illinois, a two-year statute of limitations applies to claims brought under § 1983. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Although the limitations period for § 1983 claims is based on state law, the "accrual date of a § 1983 cause of action is a question of federal law that is not resolved by state law." *Wallace*, 549 U.S. at 388. Generally, a § 1983 claim begins to accrue when the plaintiff has a "complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (citation and quotation omitted). Under *Heck v. Humphrey*, however, a claim that implies the invalidity of a conviction does not accrue until the conviction has been invalidated. 512 U.S. 477, 486–87 (1994). Thus, under *Heck's* deferred accrual rule, the statute of limitations is tolled for a *Heck*-barred claim

until the conviction has been set aside. *See Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) ("*Heck* holds that a claim that implies the invalidity of a criminal conviction does not accrue, and the statute of limitations does not begin to run, until the conviction is set aside by the judiciary or the defendant receives a pardon.").

At issue here is whether *Wallace* or *Heck* governs the accrual point for limitations purposes in a pre-trial fabrication of evidence due process claim. Unlike a Fourth Amendment false arrest claim, which, as noted above, clearly accrues from the time of detainment under *Wallace*, or a malicious prosecution claim or a *Brady* claim, which are clearly covered by *Heck*, the Seventh Circuit has not addressed when fabrication of evidence due process claims based on pre-trial law enforcement conduct accrue. *See Wallace*, 549 U.S. 384, 397; ("[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment . . . begins to run at the time the claimant becomes detained pursuant to legal process."); *Johnson v. Dossey*, 515 F. 3d 778, 782 (7th Cir. 2008) (holding that *Brady* violations do not accrue until the defendant has been acquitted). The parties did not identify and the Court has not located any cases in this Circuit that expressly address when the statute of limitations accrues in a pre-trial fabrication of evidence due process claim.

Although there is no case law directly on point, the Court finds the Seventh Circuit's reasoning in *Moore*, 771 F.3d at 446, instructive. In *Moore*, the plaintiffs brought due process claims related to the defendant's use of allegedly coercive interrogation procedures in extracting confessions. *Id*. In analyzing when the statute of limitations accrued, the Seventh Circuit explained that "claims based on out-of-court events, such as gathering of evidence, accrue as soon as the constitutional violation occurs." *Id*. The court emphasized that misconduct by police officers that occurs before trial is actionable "whether or not any statement is used in evidence at

5

trial." *Id*. Accordingly, the court held that the plaintiffs' due process claims were time-barred because they brought them several years after they were interrogated and their confessions were used to convict them. *Id*. Other courts in this district have similarly concluded, based on *Wallace* and Seventh Circuit precedent, that due process claims based on pre-trial misconduct and unrelated to misconduct at trial accrue from the moment a constitutional violation occurs. *See, e.g.*, *Cruz v. City of Chicago*, No. 08-CV-2087, 2013 WL 3864234, at *4 (N.D. Ill. July 24, 2013) (concluding that plaintiff's due process claims related to false arrest and false police reports were time-barred because plaintiff was aware of the alleged constitutional violations when they occurred); *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 756 (N.D. Ill. 2012) (reasoning that coerced confession due process claim accrued from the time of the confession because plaintiff had a "complete claim for this [constitutional] injury on the day the force was applied").

In this case, like in *Moore*, Plaintiff's due process claims are based on "out-of-court events" that occurred before trial. In *Moore*, the alleged police misconduct involved a coerced confession and here it involves fabricated evidence, but in both cases, the constitutional claim accrued at the time the constitutional injury occurred. Plaintiff asks this Court to hold that a fabrication of evidence due process claim can stand without the evidence having been used at trial because there is still a constitutional wrong that caused an injury—the fabricated evidence was still used to deprive Plaintiff of his liberty. Even if such a pre-trial fabrication of evidence claim exists, it accrues from the time the constitutional wrong caused an injury. In this case, according to Plaintiff's allegations, the alleged constitutional wrong caused an injury not at trial, but at the moment Defendants used the fabricated evidence to deprive him of his liberty. Plaintiff's claim accrued at that same moment. *See Wallace*, 549 U.S. at 391 ("the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or

omission results in damages"). As the Supreme Court has reasoned, "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough." *Id.*

Here, Plaintiff alleges that Defendant Officers caused him to be charged with illegal possession of a firearm based on fabricated evidence on September 12, 2013. Plaintiff, however, did not file this lawsuit until July 26, 2016—more than two years after the date Plaintiff alleges Defendants deprived him of his liberty. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's evidence fabrication due process claim based on pre-trial misconduct because it is time-barred.

## II. State Law Malicious Prosecution Claim

Because the Court grants Defendants' motion to dismiss Plaintiff's § 1983 due process claims, only Plaintiff's state law malicious prosecution claim remains. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a supplemental state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]t is the well-established that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisconsin, Inc.*, 657 F.3d 496, 505 (7th Cir. 2011) (citing *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999)). Because the Court has dismissed all of the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses them without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss.

**Dated:** February 22, 2017

        **ENTERED**

        _____
        **AMY J. ST. EVE**
        **United States District Court Judge**