IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maurice Lewis, ) | |
| ) | |
| *Plaintiff*, ) | No. 16-7592 |
| ) | |
| -vs- ) | *(Judge St. Eve)* |
| ) | |
| City of Chicago, et al., ) | |
| ) | |
| *Defendants*. ) | |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Maurice Lewis, plaintiff above named, appeals to the United States Court of Appeals for the Seventh Circuit from the judgment entered in this case on February 22, 2017.

Respectfully submitted,

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
jaf@kenlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maurice Lewis, | ) | |
| | ) | |
|     *Plaintiff*, | ) | No. 16-7592 |
| | ) | |
| -vs- | ) | *(Judge St. Eve)* |
| | ) | |
| City of Chicago, et al., | ) | |
| | ) | |
|     *Defendants*. | ) | |

## DOCKETING STATEMENT

Plaintiff Maurice Lewis invoked the jurisdiction of the district court under 28 U.S.C. § 1343 to assert claims arising under 42 U.S.C. § 1983 against the City of Chicago and Chicago Police Officers L. Alexander, J. Alvarado, S. Dedore, S. Korhonen, A. Mora, and A. Wyroba. Plaintiff invoked the supplemental jurisdiction of the district court under 28 U.S.C. § 1367 to assert a state law claim of malicious prosecution against the City of Chicago.

The district court granted defendants' motion to dismiss the federal claims on February 22, 2017 and declined to exercise supplemental jurisdiction over plaintiff's state law claim. Judgment was entered on February 22, 2017.

Plaintiff did not file any post-judgment motion and files his notice of appeal on March 9, 2017.

This is an appeal from a final judgment that adjudicates all of the claims with respect to all parties.

                                                       Respectfully submitted,

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
jaf@kenlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1
Eastern Division

Maurice Lewis
          Plaintiff,

v.                                     Case No.: 1:16–cv–07592
                                          Honorable Amy J. St. Eve

City of Chicago, et al.
          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, February 22, 2017:

      MINUTE entry before the Honorable Amy J. St. Eve: Defendants' motion to dismiss [17] is granted. This case is hereby dismissed. All pending dates and deadlines are stricken. Civil case terminated. [For further details, see separate Memorandum Opinion and Order.] Mailed notice(kef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-7592 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On July 26, 2016, Plaintiff Maurice Lewis brought the present two-count Complaint against former Chicago Police Officers and the City of Chicago, collectively, "Defendants," alleging violations of his constitutional rights, along with supplemental state law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion to dismiss.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it

rests." *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665–66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014).

## BACKGROUND

Plaintiff alleges Defendant Officers arrested him on September 12, 2013, after Defendant Officers searched an apartment on the 4200 block of West Walton Street in Chicago. (R. 1, ¶ 11.) Plaintiff was one of three people in the apartment at the time of the search, although Plaintiff alleges that he did not reside in the apartment. (*Id*. ¶¶ 12, 16.) During the search, Defendant Officers claim to have found a firearm. (*Id*. ¶ 13.) Plaintiff alleges that Defendant Officers had no reason to believe he was in possession of the firearm, but nevertheless, they arrested Plaintiff. (*Id*. ¶¶ 11, 14.) After Defendant Officers arrested him, Plaintiff alleges that they fabricated evidence by preparing police reports containing false statements that (1) Plaintiff admitted to residing in the apartment and (2) that the officers seized evidence establishing that Plaintiff resided at the apartment. (*Id*. ¶ 15.) Plaintiff alleges that he did not tell Defendant Officers that he resided at the apartment. (*Id*. ¶ 16.) In addition, he alleges that Defendant Officers did not find any evidence in their search of the apartment indicating that Plaintiff resided there. (*Id*.) Plaintiff claims that, as a result of the fabricated police reports, he was

wrongfully charged with illegal possession of a firearm, a crime he did not commit, and was deprived of his liberty and held at Cook County Jail until his criminal charges were dismissed on September 29, 2015.  (*Id.* ¶ 16.)

## ANALYSIS

### I. Constitutional Violations—Count I

In Count I of his Complaint, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights because Defendant Officers fabricated evidence resulting in the deprivation of his liberty.  (*Id.* ¶ 18.)

#### A. Fourth Amendment Claim

Plaintiff concedes that his Fourth Amendment claim is barred by *Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014).  (R. 19, Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, at 1-2.)  The statute of limitations also bars Plaintiff's Fourth Amendment claim.  The applicable statute of limitations for a § 1983 Fourth Amendment false arrest claim arising in Illinois is two years.  735 ILCS 5/13-202 (2009).  "[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384, 397 (2007); *see also Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).  Plaintiff's claim came more than two years after his arrest, and thus, any Fourth Amendment false arrest claim is time-barred.  Accordingly, the Court dismisses Plaintiff's Fourth Amendment claim with prejudice.

### B. Fourteenth Amendment Due Process Claim

Plaintiff asserts that Defendant Officers filed false police reports leading to his arrest and wrongful imprisonment for over two years, thereby violating his Fourteenth Amendment due process rights.

Defendants argue that Plaintiff's evidence fabrication claims are time-barred because they accrued from the time the violation occurred in September 2013. Defendant Officers have the burden of establishing that the claim is time-barred because the statute of limitations is an affirmative defense. *See Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012); *Jogi v. Voges*, 480 F.3d 822, 836 (7th Cir. 2007). Dismissal is appropriate under Rule 12(b)(6), however, if the plaintiff effectively pleads himself out of court by including facts in his complaint that make clear that the applicable statute of limitations period has passed. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014).

Section 1983 does not contain an express statute of limitations, so federal courts adopt "the forum state's limitations period for personal injury claims." *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 635 (7th Cir. 2009). In Illinois, a two-year statute of limitations applies to claims brought under § 1983. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Although the limitations period for § 1983 claims is based on state law, the "accrual date of a § 1983 cause of action is a question of federal law that is not resolved by state law." *Wallace*, 549 U.S. at 388. Generally, a § 1983 claim begins to accrue when the plaintiff has a "complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (citation and quotation omitted). Under *Heck v. Humphrey*, however, a claim that implies the invalidity of a conviction does not accrue until the conviction has been invalidated. 512 U.S. 477, 486–87 (1994). Thus, under *Heck's* deferred accrual rule, the statute of limitations is tolled for a *Heck*-barred claim

4

until the conviction has been set aside. *See Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) ("*Heck* holds that a claim that implies the invalidity of a criminal conviction does not accrue, and the statute of limitations does not begin to run, until the conviction is set aside by the judiciary or the defendant receives a pardon.").

At issue here is whether *Wallace* or *Heck* governs the accrual point for limitations purposes in a pre-trial fabrication of evidence due process claim. Unlike a Fourth Amendment false arrest claim, which, as noted above, clearly accrues from the time of detainment under *Wallace*, or a malicious prosecution claim or a *Brady* claim, which are clearly covered by *Heck*, the Seventh Circuit has not addressed when fabrication of evidence due process claims based on pre-trial law enforcement conduct accrue. *See Wallace*, 549 U.S. 384, 397; ("[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment . . . begins to run at the time the claimant becomes detained pursuant to legal process."); *Johnson v. Dossey*, 515 F. 3d 778, 782 (7th Cir. 2008) (holding that *Brady* violations do not accrue until the defendant has been acquitted). The parties did not identify and the Court has not located any cases in this Circuit that expressly address when the statute of limitations accrues in a pre-trial fabrication of evidence due process claim.

Although there is no case law directly on point, the Court finds the Seventh Circuit's reasoning in *Moore*, 771 F.3d at 446, instructive. In *Moore*, the plaintiffs brought due process claims related to the defendant's use of allegedly coercive interrogation procedures in extracting confessions. *Id*. In analyzing when the statute of limitations accrued, the Seventh Circuit explained that "claims based on out-of-court events, such as gathering of evidence, accrue as soon as the constitutional violation occurs." *Id*. The court emphasized that misconduct by police officers that occurs before trial is actionable "whether or not any statement is used in evidence at

5

trial." *Id*. Accordingly, the court held that the plaintiffs' due process claims were time-barred because they brought them several years after they were interrogated and their confessions were used to convict them. *Id*. Other courts in this district have similarly concluded, based on *Wallace* and Seventh Circuit precedent, that due process claims based on pre-trial misconduct and unrelated to misconduct at trial accrue from the moment a constitutional violation occurs. *See, e.g.*, *Cruz v. City of Chicago*, No. 08-CV-2087, 2013 WL 3864234, at *4 (N.D. Ill. July 24, 2013) (concluding that plaintiff's due process claims related to false arrest and false police reports were time-barred because plaintiff was aware of the alleged constitutional violations when they occurred); *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 756 (N.D. Ill. 2012) (reasoning that coerced confession due process claim accrued from the time of the confession because plaintiff had a "complete claim for this [constitutional] injury on the day the force was applied").

In this case, like in *Moore*, Plaintiff's due process claims are based on "out-of-court events" that occurred before trial. In *Moore*, the alleged police misconduct involved a coerced confession and here it involves fabricated evidence, but in both cases, the constitutional claim accrued at the time the constitutional injury occurred. Plaintiff asks this Court to hold that a fabrication of evidence due process claim can stand without the evidence having been used at trial because there is still a constitutional wrong that caused an injury—the fabricated evidence was still used to deprive Plaintiff of his liberty. Even if such a pre-trial fabrication of evidence claim exists, it accrues from the time the constitutional wrong caused an injury. In this case, according to Plaintiff's allegations, the alleged constitutional wrong caused an injury not at trial, but at the moment Defendants used the fabricated evidence to deprive him of his liberty. Plaintiff's claim accrued at that same moment. *See Wallace*, 549 U.S. at 391 ("the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or

6

omission results in damages"). As the Supreme Court has reasoned, "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough." *Id.*

Here, Plaintiff alleges that Defendant Officers caused him to be charged with illegal possession of a firearm based on fabricated evidence on September 12, 2013. Plaintiff, however, did not file this lawsuit until July 26, 2016—more than two years after the date Plaintiff alleges Defendants deprived him of his liberty. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's evidence fabrication due process claim based on pre-trial misconduct because it is time-barred.

### II. State Law Malicious Prosecution Claim

Because the Court grants Defendants' motion to dismiss Plaintiff's § 1983 due process claims, only Plaintiff's state law malicious prosecution claim remains. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a supplemental state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]t is the well-established that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisconsin, Inc.*, 657 F.3d 496, 505 (7th Cir. 2011) (citing *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999)). Because the Court has dismissed all of the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses them without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss.

**Dated:** February 22, 2017

        **ENTERED**

        _____
        **AMY J. ST. EVE**
        **United States District Court Judge**

APPEAL,TERMED,WEISMAN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:16-cv-07592
### Internal Use Only

Lewis v. City of Chicago et al
Assigned to: Honorable Amy J. St. Eve
Cause: 42:1983 Civil Rights Act

Date Filed: 07/26/2016
Date Terminated: 02/22/2017
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Maurice Lewis** represented by **Kenneth N Flaxman**
Kenneth N. Flaxman, P.C.
200 South Michigan Avenue
Suite 201
Chicago, IL 60604-6107
(312) 427-3200
Email: knf@kenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel A. Flaxman**
Kenneth N. Flaxman P.C.
200 S Michigan Ave Ste 201
Chicago, IL 60604
(312) 427-3200
Email: jaf@kenlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Chicago** represented by **Andrew M. Hale**
Hale Law LLC
53 W. Jackson Blvd.
Suite 330
Chicago, IL 60604
(312) 341-9646
Email: ahale@ahalelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
Hale Law LLC
53 W. Jackson Blvd.
Suite 330
Chicago, IL 60604
(312) 341-9646
Email: akamionski@ahalelaw.com
*ATTORNEY TO BE NOTICED*

**Jennifer Bitoy**
Hale Law LLC
53 W Jackson Blvd.
Suite 334
Chicago, IL 60604
3128706952
Email: jbitoy@ahalelaw.com
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
Hale Law LLC
53 W. Jackson Blvd.
Suite 330
Chicago, IL 60604
312-341-9646
Email: snathan@ahalelaw.com
*ATTORNEY TO BE NOTICED*

### Defendant

**L. Alexander**
*Chicago Police Officer; #13518*

represented by **Andrew M. Hale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Bitoy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Defendant

**J Alvarado**
*Chicago Police Officer; #12730*

represented by **Andrew M. Hale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

          **Avi T. Kamionski**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

          **Jennifer Bitoy**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

          **Shneur Z. Nathan**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

**Defendant**

**S Dedore**     represented by    **Andrew M. Hale**
*Chicago Police Lieutenant; #254*     (See above for address)
          *LEAD ATTORNEY*
          *ATTORNEY TO BE NOTICED*

          **Avi T. Kamionski**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

          **Jennifer Bitoy**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

          **Shneur Z. Nathan**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

**Defendant**

**Officer Scott Korhonen**     represented by    **Andrew M. Hale**
*Chicago Police Officer; #2826*     (See above for address)
          *LEAD ATTORNEY*
          *ATTORNEY TO BE NOTICED*

          **Avi T. Kamionski**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

          **Jennifer Bitoy**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

          **Shneur Z. Nathan**
          (See above for address)
          *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **A Mora**<br>*Chicago Police Officer; #10636* | represented by | **Andrew M. Hale**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Avi T. Kamionski**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Jennifer Bitoy**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Shneur Z. Nathan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **A Wyroba**<br>*Chicago Police Officer; #3152* | represented by | **Andrew M. Hale**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Avi T. Kamionski**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Jennifer Bitoy**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Shneur Z. Nathan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2016 | 1 | COMPLAINT filed by Maurice Lewis; Jury Demand. Filing fee $ 400, receipt number 0752-12187574.(Flaxman, Kenneth) (Entered: 07/26/2016) |
| 07/26/2016 | 2 | CIVIL Cover Sheet (Flaxman, Kenneth) (Entered: 07/26/2016) |
| 07/26/2016 | 3 | ATTORNEY Appearance for Plaintiff Maurice Lewis by Kenneth N Flaxman (Flaxman, Kenneth) (Entered: 07/26/2016) |

| | | |
|---|---|---|
| 07/27/2016 | 4 | ATTORNEY Appearance for Plaintiff Maurice Lewis by Joel A. Flaxman (Flaxman, Joel) (Entered: 07/27/2016) |
| 07/27/2016 | | CASE ASSIGNED to the Honorable Amy J. St. Eve. Designated as Magistrate Judge the Honorable M. David Weisman. (daj, ) (Entered: 07/27/2016) |
| 07/28/2016 | | SUMMONS Issued as to Defendants L. Alexander, J Alvarado, City of Chicago, S Dedore, Scott Korhonen, A Mora, A Wyroba (pg, ) (Entered: 07/28/2016) |
| 07/28/2016 | 5 | MINUTE entry before the Honorable Amy J. St. Eve: Initial status hearing set for 9/7/16 at 8:30 a.m. in courtroom 1241. Parties shall refer to Judge St. Eve's web page at www.ilnd.uscourts.gov and file a joint status report by 9/1/16 as set forth in the Initial Status Conferences procedure. If the defendant has not been served as of 9/1/16, the Court will continue the filing date for the joint status report until the defendant is served. If the defendant files a motion to dismiss prior to the filing of the joint status report, the Court will continue the filing date for the joint status report until after the Court rules on the pending motion. Mailed notice (kef, ) (Entered: 07/28/2016) |
| 08/30/2016 | 6 | ATTORNEY Appearance for Defendant City of Chicago by Shneur Z. Nathan (Nathan, Shneur) (Entered: 08/30/2016) |
| 08/30/2016 | 7 | MOTION by Defendant City of Chicago for extension of time to file answer regarding complaint 1 *or otherwise plead (Unopposed)* (Nathan, Shneur) (Entered: 08/30/2016) |
| 08/30/2016 | 8 | NOTICE of Motion by Shneur Z. Nathan for presentment of motion for extension of time to file answer, motion for relief 7 before Honorable Amy J. St. Eve on 9/7/2016 at 08:30 AM. (Nathan, Shneur) (Entered: 08/30/2016) |
| 08/31/2016 | 9 | MINUTE entry before the Honorable Amy J. St. Eve: Defendant City of Chicago's unopposed motion for extension of time 7 is granted. Said defendant shall answer or otherwise plead by 10/14/16. If no motion to dismiss is filed, a joint status report shall be filed by 10/17/16. Status hearing set for 9/7/16 is stricken and reset to 10/20/16 at 8:30 a.m. No appearance is required on the 9/7/16 notice motion date. Mailed notice (kef, ) (Entered: 08/31/2016) |
| 08/31/2016 | 10 | ATTORNEY Appearance for Defendant City of Chicago by Andrew M. Hale (Hale, Andrew) (Entered: 08/31/2016) |
| 08/31/2016 | 11 | ATTORNEY Appearance for Defendant City of Chicago by Avi T. Kamionski (Kamionski, Avi) (Entered: 08/31/2016) |
| 09/12/2016 | 12 | ATTORNEY Appearance for Defendants L. Alexander, J Alvarado, S Dedore, Scott Korhonen, A Mora, A Wyroba by Andrew M. Hale (Hale, Andrew) (Entered: 09/12/2016) |
| 09/12/2016 | 13 | ATTORNEY Appearance for Defendants J Alvarado, S Dedore, Scott Korhonen, A Mora, A Wyroba by Avi T. Kamionski (Kamionski, Avi) (Entered: 09/12/2016) |
| 09/12/2016 | 14 | ATTORNEY Appearance for Defendants L. Alexander, J Alvarado, S Dedore, Scott Korhonen, A Mora, A Wyroba by Shneur Z. Nathan (Nathan, Shneur) (Entered: |

|            |    |                                                                                                                                                                                                                                                                                                                                                          |
|------------|----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | 09/12/2016)                                                                                                                                                                                                                                                                                                                                              |
| 10/14/2016 | 15 | ATTORNEY Appearance for Defendants L. Alexander, J Alvarado, S Dedore, Scott Korhonen, A Mora, A Wyroba by Jennifer Bitoy (Bitoy, Jennifer) (Entered: 10/14/2016)                                                                                                                                                                                         |
| 10/14/2016 | 16 | ATTORNEY Appearance for Defendant City of Chicago by Jennifer Bitoy (Bitoy, Jennifer) (Entered: 10/14/2016)                                                                                                                                                                                                                                              |
| 10/14/2016 | 17 | MOTION by Defendants Scott Korhonen, L. Alexander, A Mora, City of Chicago, A Wyroba, J Alvarado, S Dedore to dismiss *Plaintiff's Complaint* (Bitoy, Jennifer) (Entered: 10/14/2016)                                                                                                                                                                     |
| 10/19/2016 | 18 | MINUTE entry before the Honorable Amy J. St. Eve: The court adopts the parties' proposed briefing schedule. Defendants' motion to dismiss 17 is entered. Response by 11/10/16. Reply by 12/1/16. Status hearing set for 10/20/16 is stricken and reset to 2/6/17 at 8:30 a.m. No appearance is required on the 10/20/16 notice motion date. Mailed notice (kef, ) (Entered: 10/19/2016) |
| 11/10/2016 | 19 | RESPONSE by Maurice Lewisin Opposition to MOTION by Defendants Scott Korhonen, L. Alexander, A Mora, City of Chicago, A Wyroba, J Alvarado, S Dedore to dismiss *Plaintiff's Complaint* 17 (Flaxman, Joel) (Entered: 11/10/2016)                                                                                                                          |
| 11/28/2016 | 20 | MOTION by Defendants L. Alexander, J Alvarado, City of Chicago, S Dedore, Scott Korhonen, A Mora, A Wyroba for extension of time to file response/reply *UNOPPOSED MOTION FOR EXTENSION TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT* (Bitoy, Jennifer) (Entered: 11/28/2016)                                                                  |
| 11/28/2016 | 21 | NOTICE of Motion by Jennifer Bitoy for presentment of motion for extension of time to file response/reply, 20 before Honorable Amy J. St. Eve on 12/5/2016 at 08:30 AM. (Bitoy, Jennifer) (Entered: 11/28/2016)                                                                                                                                           |
| 11/29/2016 | 22 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' unopposed motion for extension of time 20 is granted. Defendants' reply to their motion to dismiss 17 shall be filed by 12/15/16. Status hearing set for 2/6/17 is stricken and reset to 2/21/17 at 8:30 a.m. No appearance is required on the 12/5/16 notice motion date. Mailed notice (kef, ) (Entered: 11/29/2016) |
| 12/15/2016 | 23 | REPLY by L. Alexander, J Alvarado, City of Chicago, S Dedore, Scott Korhonen, A Mora, A Wyroba to response in opposition to motion 19 (Bitoy, Jennifer) (Entered: 12/15/2016)                                                                                                                                                                             |
| 01/11/2017 | 24 | MOTION by Plaintiff Maurice Lewis for leave to file *Suggestion of Additional Persuasive Authority* (Flaxman, Joel) (Entered: 01/11/2017)                                                                                                                                                                                                                 |
| 01/11/2017 | 25 | NOTICE of Motion by Joel A. Flaxman for presentment of motion for leave to file 24 before Honorable Amy J. St. Eve on 1/17/2017 at 08:30 AM. (Flaxman, Joel) (Entered: 01/11/2017)                                                                                                                                                                        |
| 01/12/2017 | 26 | MINUTE entry before the Honorable Amy J. St. Eve: Plaintiffs' motion for leave to file suggestion of additional persuasive authority 24 is granted. No further briefing unless ordered by the court. No appearance is required on the 1/17/17 notice motion                                                                                               |

|  |  |  |
|---|---|---|
|  |  | date. Mailed notice (kef, ) (Entered: 01/12/2017) |
| 02/15/2017 | 27 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing set for 2/21/17 is stricken and reset to 3/7/2017 at 08:30 AM.Mailed notice (kef, ) (Entered: 02/15/2017) |
| 02/22/2017 | 28 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' motion to dismiss 17 is granted. This case is hereby dismissed. All pending dates and deadlines are stricken. Civil case terminated. [For further details, see separate Memorandum Opinion and Order.] Mailed notice (kef, ) (Entered: 02/22/2017) |
| 02/22/2017 | 29 | MEMORANDUM Opinion and Order Signed by the Honorable Amy J. St. Eve on 2/22/2017:Mailed notice(kef, ) (Entered: 02/22/2017) |
| 03/09/2017 | 30 | NOTICE of appeal by Maurice Lewis regarding orders 29 , 28 Filing fee $ 505, receipt number 0752-12943653. (Flaxman, Joel) (Entered: 03/09/2017) |
| 03/09/2017 | 31 | DOCKETING Statement by Maurice Lewis regarding notice of appeal 30 (Flaxman, Joel) (Entered: 03/09/2017) |
| 03/09/2017 | 32 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 30 . (smm) (Entered: 03/09/2017) |