# In the
# United States Court of Appeals
## For the Seventh Circuit



CERTIFIED COPY

No. 17-1510

MAURICE LEWIS,

        *Plaintiff-Appellant*,

v.

CITY OF CHICAGO, *et al.*,

        *Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-CV-7592 — **Amy J. St. Eve**, *Judge*.

_____

ARGUED FEBRUARY 6, 2018 — DECIDED JANUARY 23, 2019

_____

Before RIPPLE, SYKES, and BARRETT, *Circuit Judges*.

SYKES, *Circuit Judge*. Maurice Lewis spent more than two years in pretrial detention in the Cook County Jail based on police reports falsely implicating him for unlawfully possessing a firearm. After the charges against him were dropped, Lewis sued the City of Chicago and six police officers under 42 U.S.C. § 1983 seeking damages for violation

of his rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.

The district court dismissed the suit, ruling that both claims were time-barred. Lewis appealed. Twelve days later the Supreme Court decided *Manuel v. City of Joliet* ("*Manuel I*"), 137 S. Ct. 911, 920 (2017), clarifying that detention without probable cause violates the Fourth Amendment "when it precedes, but also when it follows, the start of legal process in a criminal case." *Id.* at 918. The Court declined to decide when such claims accrue, instead remanding the case to this court to resolve that issue. *Id.* at 922. In September the *Manuel* panel held that a Fourth Amendment claim for wrongful pretrial detention accrues on the date the detention ends. *Manuel v. City of Joliet* ("*Manuel II*"), 903 F.3d 667, 670 (7th Cir. 2018).

The combined effect of *Manuel I* and *II* saves part of Lewis's case. Consistent with *Manuel I*, Lewis pleaded a viable Fourth Amendment claim for unlawful pretrial detention. And *Manuel II* confirms that the claim is timely because Lewis filed it within two years of his release from detention.

The due-process claim is another matter. *Manuel I* makes clear that the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention. To the extent *Hurt v. Wise*, 880 F.3d 831, 843–44 (7th Cir. 2018), holds otherwise, it is incompatible with *Manuel I* and *II* and is overruled.[1] We therefore reverse the dismissal of the

---

[1] Because this opinion resolves a conflict in our circuit caselaw, it was circulated to all judges in active service. *See* 7TH CIR. R. 40(e). None

Fourth Amendment claim and affirm the dismissal of the due-process claim, though on different grounds.

## I. Background

On September 12, 2013, Chicago police officers searched an apartment on West Walton Street where they encountered Lewis and two others. During the search, the officers discovered a handgun. Lewis alleges that the officers had no basis to believe the gun was his. He claims that he didn't live at the apartment and never told the officers otherwise. He further alleges that the officers never found anything in the apartment indicating that he lived there.

The officers arrested Lewis for illegally possessing the firearm. Lewis claims that the officers prepared police reports falsely stating that he "had admitted to residing in the Walton Street Apartment" and that the officers "had found and seized evidence establishing that [Lewis] resided in the Walton Street Apartment."

The day after Lewis's arrest, a state-court judge held a probable-cause hearing and found cause to believe that Lewis illegally possessed the weapon, 720 ILL. COMP. STAT. 5/24-1.1(a), and violated Illinois's armed habitual criminal statute, *id.* § 5/24-1.7(a). The judge ordered Lewis held for trial. Two weeks later a prosecutor amended the charges, and a different judge held a probable-cause hearing on the new charges. Officer Abraham Mora testified that the search of the apartment uncovered a handgun and two documents addressed to Lewis at the Walton Street address. The judge

---

favored a hearing en banc. Circuit Judge Amy J. St. Eve did not participate.

found probable cause to detain Lewis for trial. He sat in the Cook County Jail for two years until the charges were dropped on September 29, 2015.

On July 26, 2016, Lewis sued the City and six officers under § 1983 alleging that he was held in jail pending trial based on falsified evidence, violating his rights under the Fourth Amendment and the Fourteenth Amendment's Due Process Clause. He also raised a claim under Illinois law for malicious prosecution.

The defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The judge granted the motion, dismissing the constitutional claims with prejudice after finding them time-barred under the two-year statute of limitations applicable to § 1983 claims in Illinois. The judge then relinquished supplemental jurisdiction over the state-law claim, dismissing it without prejudice.

## II. Discussion

We review a Rule 12(b)(6) dismissal de novo. *Jakupovic v. Curran*, 850 F.3d 898, 901 (7th Cir. 2017). To survive a motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Fourth Amendment Claim

Lewis maintains that he pleaded a viable Fourth Amendment claim for unlawful pretrial detention based on falsified evidence. He also argues that the claim is timely. Under *Manuel I* and *II*, he is correct on both points.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons … against unreasonable … seizures." U.S. CONST. amend. IV. A person is "seized" whenever an official "restrains his freedom of movement" such that he is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254–55 (2007). "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013) (internal quotation marks omitted).

Lewis alleges that he was detained—that is to say, "seized"—in the Cook County Jail for two years based on falsified police reports and that this injury is actionable under § 1983 as a violation of his Fourth Amendment right to be free from unreasonable seizure. Our circuit caselaw once foreclosed this theory. *See, e.g.*, *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). Prior to *Manuel I*, our cases held that "once detention by reason of arrest turns into detention by way of arraignment—once police action gives way to legal process—the Fourth Amendment falls out of the picture and the detainee's claim that the detention is improper becomes a claim of malicious prosecution violative of due process." *Llovet v. City of Chicago*, 761 F.3d 759, 763 (7th Cir. 2014).

The Supreme Court superseded this circuit precedent in *Manuel I*. Elijah Manuel was arrested for possession of unlawful drugs. After a probable-cause hearing based on evidence allegedly fabricated by the police, a local judge found probable cause and sent Manuel to the county jail to await trial. There he sat for 48 days until the prosecutor dismissed the charge. *Manuel I*, 137 S. Ct. at 915–16. He

sought damages under § 1983 alleging that his pretrial detention violated the Fourth Amendment. The district court dismissed the claim based on binding circuit precedent and we affirmed. *Id.* at 916. The Supreme Court reversed, holding that Manuel stated a Fourth Amendment claim when he sought relief "not merely for his (pre-legal-process) arrest, but also for his (post-legal process) pretrial detention." *Id.* at 919.

The Court jettisoned the malicious-prosecution analogy and the due-process source of the right, instead grounding the claim in long-established Fourth Amendment doctrine:

> The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it can also occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements. Then, too, a person is confined without constitutionally adequate justification. Legal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement. And for that reason, it cannot extinguish the detainee's Fourth Amendment claim—or somehow, as the Seventh Circuit has held, convert that claim into one founded on the Due Process Clause.

*Id.* at 918–19 (citations omitted).

*Manuel I* thus clarified that the constitutional injury arising from a wrongful pretrial detention rests on the fundamental Fourth Amendment principle that a pretrial detention is a "seizure"—both *before* formal legal process and *after*—and is justified only on probable cause. *Id.* at 918. Manuel alleged that his detention was not supported by probable cause because the judge's order holding him for trial was based only on "police fabrications." *Id.* at 919. If that proved to be true, his detention was unreasonable in violation of the Fourth Amendment. *Id.*

Put another way, the initiation of formal legal process "did not expunge Manuel's Fourth Amendment claim because the process he received failed to establish what that Amendment makes essential for pretrial detention—probable cause to believe he committed a crime." *Id.* at 919–20. As we explained in our decision on remand in *Manuel II*, a Fourth Amendment claim for wrongful pretrial detention is concerned with "the detention rather than the existence of criminal charges." 903 F.3d at 670.

Lewis's allegations are materially indistinguishable from Manuel's. He has therefore pleaded a plausible Fourth Amendment claim. The officers respond with an assertion of qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1151 (2018) (per curiam) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam)). Qualified immunity requires a two-part inquiry: we must determine (1) whether facts alleged or shown by a plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was clearly established

at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

It has been clear since at least *Franks v. Delaware*, 438 U.S. 154 (1978), that falsifying the factual basis for a judicial probable-cause determination violates the Fourth Amendment. A judicial determination of probable cause is normally entitled to a presumption of validity, but

> this presumption is premised on an "assumption … that there will be a *truthful* showing" of probable cause. [*Franks*, 438 U.S.] at 164–65, 98 S. Ct. 2674 (emphasis in original). Accordingly, the presumption may give way on a showing that the officer who sought the warrant "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determination that probable cause existed for the arrest." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742–43 (7th Cir. 2003) (citing *Franks*, 438 U.S. at 155–56, 98 S. Ct. 2674).

*Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010) (omission in original) (alterations omitted).

Lewis alleges that the officers falsely asserted, both in their police reports and in testimony at the probable-cause hearing, that he admitted residing at the apartment where the gun was found and that they found evidence showing that he lived there. Accepting these allegations as true, as we must at this stage, no reasonable officer could have thought this conduct was constitutionally permissible. It makes no

difference that our circuit caselaw situated the constitutional violation in the Due Process Clause rather than the Fourth Amendment.

The question remains whether the claim is timely. A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years. 735 ILL. COMP. STAT. 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007). But federal law determines when the claim accrues. *Wallace*, 549 U.S. at 388–89.

*Manuel II* addressed the accrual question the Supreme Court remanded in *Manuel I*, holding that a Fourth Amendment claim for wrongful pretrial detention accrues when the detention ceases. 903 F.3d at 669. Two considerations supported this conclusion. First, because the constitutional violation is "ongoing" rather than "discrete," the claim accrues when the ongoing violation ends. *Id.* Second, "a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity." *Id.* at 670 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994)).

Under *Manuel II*, Lewis's Fourth Amendment claim is timely. Lewis remained in jail until the charges against him were dropped on September 29, 2015. He filed this § 1983 suit less than a year later on July 26, 2016, well within the two-year statute of limitations.[2] He is entitled to move forward on his Fourth Amendment claim.

---

[2] We note that the Supreme Court has granted certiorari to resolve a circuit split on the claim-accrual question reserved in *Manuel I. See McDonough v. Smith*, No. 18-485, 2019 WL 166879 (Mem.) (Jan. 11, 2019).

**B. Due-Process Claim**

Lewis argues that this same misconduct by law enforcement—falsifying the police reports that led to his pretrial detention—also violated his right to due process, giving rise to an *additional* constitutional claim under § 1983. *Manuel I* holds otherwise, as does our decision on remand in *Manuel II*.

To reiterate, *Manuel I* explained that "[i]f the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." 137 S. Ct. at 919. As we've noted above, *Manuel I* clarified that the initiation of formal legal process "cannot extinguish the detainee's Fourth Amendment claim—*or somehow, as the Seventh Circuit has held, convert that claim into one founded on the Due Process Clause*." *Id.* at 918–19 (emphasis added). It's now clear that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment.

Lewis relies on *Hurt v. Wise* as support for his position that pretrial detention based on fabricated evidence violates rights secured by *two* constitutional provisions—the Fourth Amendment *and* the Due Process Clause of the Fourteenth—and is actionable under § 1983 as two separate constitutional claims. *Hurt* conflicts with *Manuel I* and *II*, so we take this opportunity to clear up the conflict.

In *Hurt* the police arrested three siblings for their suspected roles in the death of their uncle. "But one by one, each was absolved": one sibling was never criminally charged, the next saw the charges against her dropped after four months in jail, and the third was acquitted at trial after

eight months in jail. *Hurt*, 880 F.3d at 835. The three siblings sued the officers accusing them of fabricating evidence—including confessions—and seeking relief under § 1983 and Illinois law. *Id.* The officers moved for summary judgment based on qualified immunity. The district court denied the motion, *id.* at 839, and we mostly affirmed.

As relevant here, *Hurt* first rejected the officers' qualified-immunity defense on the Fourth Amendment claim, concluding that in light of the evidence in the summary-judgment record, a reasonable trier of fact could find that the plaintiffs "were arrested without even arguable probable cause[] and thus in violation of the Fourth Amendment." *Id.* at 843 (citing *Manuel I*, 137 S. Ct. at 918–19).

Two of the *Hurt* plaintiffs—the two that were held in jail pending trial—argued that the same police misconduct supported an additional claim for violation of their right to due process, relying on the malicious-prosecution/due-process theory embedded in our circuit caselaw. *See, e.g., Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013); *Newsome*, 256 F.3d 747. *Hurt* determined that *Manuel I* had not disturbed the general rule of the *Newsome* line of cases: while there is "no free-standing constitutional tort of malicious prosecution," other constitutional rights protect people against "abusive arrests [and] fabrication of evidence." 880 F.3d at 843. What mattered was that the plaintiffs had "identified the constitutional right at issue"—the Due Process Clause, which "forbids the [S]tate from depriving a person of liberty (including by pre-trial detention) based on manufactured evidence." *Id.*

But in *Manuel II*—decided nine months after *Hurt*—we explained that all § 1983 claims for wrongful pretrial deten-

tion—whether based on fabricated evidence or some other defect—sound in the Fourth Amendment. Like the plaintiffs in *Hurt*, Manuel relied on the tort of malicious prosecution as an analogy. 903 F.3d at 669. We explained that while this "might have seemed sensible before the Supreme Court spoke," after *Manuel I* it is the "wrong characterization"; indeed, "the Justices deprecated the analogy to malicious prosecution." *Id.* at 669–70 (citing *Manuel I*, 137 S. Ct. at 917–20). Instead, the constitutional right in question is the "right not to be held in custody without probable cause," the violation of which gives rise to a "plain-vanilla Fourth Amendment" claim under § 1983 because the essential constitutional wrong is the "absence of probable cause that would justify the detention." *Id.* at 670 (citing *Manuel I*, 137 S. Ct. at 917–20). In other words, the Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process.

We overrule precedent only in limited circumstances; a clear intracircuit conflict is one of them. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 915–16 (7th Cir. 2009). *Manuel II* and *Hurt* cannot be reconciled. Indeed, *Hurt* is hard to square with *Manuel I*. The Supreme Court held that the initiation of formal legal process following an arrest does not convert a Fourth Amendment unreasonable-seizure claim "into one founded on the Due Process Clause." 137 S. Ct. at 919. The injury of wrongful pretrial detention may be remedied under § 1983 as a violation of the Fourth Amendment, not the Due Process Clause. To the extent *Hurt* holds otherwise, it is overruled.

We close by noting the important point that a claim for wrongful pretrial detention based on fabricated evidence is distinct from a claim for wrongful *conviction* based on fabricated evidence: "[C]*onvictions* premised on deliberately fabricated evidence will always violate the defendant's right to due process." *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (emphasis added); *see also Mooney v. Holohan*, 294 U.S. 103, 112 (1935) (explaining that the use of perjured testimony "to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation"); *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012). Moreover, misconduct of this type that results in a conviction might also violate the accused's right to due process under the rubric of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995), if government officials suppressed evidence of the fabrication. *Avery*, 847 F.3d at 443–44. We reiterate that we deal here only with a claim of wrongful *pretrial detention*, not a claim of wrongful *conviction*.

\*   \*   \*

Applying *Manuel I* and *II*, we hold that Lewis timely filed a viable Fourth Amendment claim for wrongful pretrial detention. We therefore reverse the dismissal of that claim and remand for further proceedings. Under *Manuel I* and *II*, the Due Process Clause does not apply, so the judgment is otherwise affirmed.

AFFIRMED in part and REVERSED AND REMANDED in part.