**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**


Maurice Lewis
          Plaintiff

                         No. 16 C 7592


City of Chicago, et al
          Defendants


## <u>OPINION AND ORDER</u>

This case is before the court on the motion of the defendants to stay this case pursuant to the doctrine stated in ***Colorado River Water Conservation District v. United States,*** 424 U.S. 800, 818-20 (1976).  A stay is sought pending the disposition of a later filed case pending in the Circuit Court of Cook County, Illinois charging the defendants with malicious prosecution in violation of Illinois law. That case is  based essentially on the same facts as charged in this case.

Plaintiff Maurice Lewis was arrested for unlawfully possessing a firearm. He spent over two years in pretrial detention. The charges against him were dropped. This case is an action under 42 U.S.C. §1983 against the City of Chicago and six police officers seeking damages based on police reports allegedly  falsely

stating that he possessed a firearm.   Lewis alleged that he was held based on falsified evidence violating his rights under the Fourth Amendment and the Fourteenth Amendment Due Process Clause.  He also raised a claim in this action under Illinois law for malicious prosecution.

This court granted defendants motion to dismiss the complaint under Rule 12(b)(6),  finding the constitutional claims time-barred under the two-year statute of limitations applicable to § 1983 claims in Illinois.  The court relinquished supplemental jurisdiction over the state-law  malicious prosecution claim, dismissing it without prejudice.

Plaintiff appealed the dismissal and also filed a malicious prosecution action in the state court.  Plaintiff states  that the state court action was filed because of the action of this court dismissing his state law claim and to avoid any state law time limitation

After Lewis appealed the Supreme Court decided *Manuel v.City of Joliet,* 137 S. Ct. 911, 920 (2017) holding that detention without probable cause violates the Fourth Amendment when it precedes, but also when it follows, the start of legal process in a criminal case.  It also held that the Fourteenth Amendment Due Process clause is not implicated.  Later, in *Manuel v. City of Joliet,* 903 F. 3d 667, 670      (7th Cir. 2018), the Court of Appeals held that the claim for wrongful

pretrial detention accrues on the date that the detention ends. The effect of the rulings is that Lewis pleaded a viable Fourth Amendment claim for unlawful pretrial detention and that the claim was timely because filed within two years of his release from detention. The judgment of this court dismissing the Fourth Amendment and malicious prosecution claims was reversed and remanded for trial. *Maurice Lewis v. City of Chicago*, 914 F. 3d 472 (2019).

In order to decide the pending motion the court must first decide whether the concurrent state and federal actions are parallel. The relevant question is whether there is a substantial likelihood that the state case will dispose of all claims presented in the federal case. Defendants contend that the federal claim should now await the trial of the state law claim even though the parties agree that the legal issues and standards are different in each case. In the pending case absence of probable cause to detain can be based on proof that false evidence was presented to the state court. Illinois Law of malicious prosecution, however, requires a showing that the state court action was resolved in Lewis' favor and proof of malice which are not an elements of the constitutional claim. *Simmons v. Pryor*, 26 F. 3d 650, 654 (7th Cir. 1993). Fourth Amendment claims are evaluated for objective reasonableness. *Saucier v. Katz,* 533 U.S. 194, 207 (2001).

Any doubt about the parallel nature of the actions must be resolved in

favor of denying a stay. The actions are not parallel. The resolution of the pending state case is unlikely to resolve this case. It is unnecessary to weigh other equitable considerations that must be considered if the actions are found to be parallel.

Plaintiff states that the Illinois case is close to trial, that no discovery has been taken in this action and that discovery will not be duplicated. The trial of this case can be managed to avoid overlap and still consider any effects of first findings in either jurisdiction. A stay is not required to avoid overlap.

IT IS THEREFORE ORDERED AS FOLLOWS:

The motion of the defendants for a stay of this case is denied.


Dated: June 7, 2019

United States District Judge.